UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE J. GARCIA, | : | |
|     Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:10-cv-795 (SRU) |
| | : | |
| OFFICER ROSARIO, et al., | : | |
|     Defendants. | : | |

## RULING AND ORDER

Plaintiff Bruce J. Garcia seeks permission to file an amended complaint to correct the names of the defendants. The original complaint listed Officer Rosario as the only identified defendant. In the caption of his motion, Garcia lists the City of Willimantic, Willimantic Police Department, Officer Erik Simonson, Officer Lucien Frechette and Officer Hussey. Garcia states that his claim remains the same. He also asks that this not be counted as an amended complaint.

Garcia may amend his complaint once, as of right, within 21 days of the filing of a responsive pleading or motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). The defendant has been granted an extension of time, until September 7, 2010, to respond to the complaint. Thus, Garcia's motion is timely filed.

Identifying a defendant is one reason to file an amended complaint. *See, e.g., Ansley v. Varsity Transit Inc.*, No. 98CIV1916DABJCF, 1999 WL 672526, at *10 (S.D.N.Y. Aug. 26, 1999) (granting in part motion to amend to correctly identify defendants). Thus, any new complaint submitted in response to this order will count as Garcia's one amendment permitted as of right under Rule 15.

Garcia is advised that the amended complaint must indicate how each defendant was involved in the stop or assault. In addition, if Garcia intends to retain Officer Rosario as a

defendant in this case, he must include Officer Rosario in the case caption. If he fails to do so, the Court will assume that Garcia intends to withdraw all claims against Officer Rosario.

Municipal police departments are not independent legal entities and are not subject to suit under section 1983. *See Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005). Thus, Garcia cannot state a cognizable claim against the Willimantic Police Department. In addition, to state claims against the City of Willimantic, Garcia must allege facts showing that he was denied his constitutional rights as a result of an official policy or custom. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). The city cannot be held liable just because it employs the officers who allegedly violated Garcia's rights. *See Monell,* 436 U.S. at 694-95. There must be "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

In conclusion, Garcia's motion to amend [**Doc. #13**] is **GRANTED** but his request that any document filed in response to this order not be considered an amended complaint is denied.

Garcia is directed to file his amended complaint within **fourteen (14) days** from the date of this order. Garcia is cautioned to include all defendants in the case caption and allege facts demonstrating how each defendant was involved in his claims. If Garcia intends to name the City of Willimantic as a defendant, he shall allege facts demonstrating an official policy or custom.

**SO ORDERED** at Bridgeport, Connecticut this 15th day of September 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge